41 F.3d 1507
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony C. KRCHMAR, Plaintiff-Appellant,
v.
William P. MOORE; Officer Morgan; Officer Combs; Earl
Ping; Steve Haffner; Jake & Bill; Gerald "Buddy" Lambert;
Jim Oden; Dan Centers; Al Barrow; Todd Deaton; Tom
Bechtol, Defendants-Appellees.
 No. 93-6257.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1994.
 
 Before: BROWN, KENNEDY and SILER, Circuit Judges.
 
 ORDER
 
 1
 Anthony C. Krchmar appeals a judgment entered on a jury verdict in favor of the defendants in his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory, and injunctive relief, Krchmar sued three officers of the Newport, Kentucky Police Department and several employees of the Campbell County, Kentucky Jail, alleging that the police officers used excessive force against him on the night of his arrest and that the jailers failed to provide him with adequate medical care. The district court concluded that his claims against the jailers were without merit and granted summary judgment to these defendants. The court further concluded that the three Newport police officers were not entitled to summary judgment on Krchmar's claims against them and ordered the case to proceed to trial. Immediately prior to trial, Krchmar voluntarily dismissed two of the three police officers from the suit. The jury returned a verdict in favor of the remaining defendant, Newport police officer Moore, and the district court entered judgment accordingly. Krchmar has filed a timely appeal. On appeal, Krchmar requests the appointment of counsel and a transcript of his trial at government expense.
 
 
 3
 Initially, we note that Krchmar does not challenge the district court's grant of summary judgment for the Campbell County jailers or his voluntary dismissal of two of the Newport police officers prior to trial. As he has not raised these issues on appeal, they are considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 4
 Upon review, we conclude that the jury properly found in favor of police officer Moore on Krchmar's excessive force claim. In reviewing civil jury verdicts to determine whether the evidence is sufficient to support the judgment, we view the evidence in the light most favorable to the prevailing party. Cole Resources, Inc. v. Gulf & Western Indus., 865 F.2d 761, 767 (6th Cir.1989) (per curiam). When presented with conflicting evidence, credibility determinations are properly made by the jury. Wheeler v. McKinley Enters., 937 F.2d 1158, 1162 (6th Cir.1991). The plaintiff and defendant presented highly different versions of what happened on the night in question. In finding in favor of the defendant, the jury properly determined that the defendant's version of the facts was more credible.
 
 
 5
 Accordingly, we deny Krchmar's requests for counsel and free transcript and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.